William A. Munoz (SBN 191649)
bill.munoz@fmglaw.com
**FREEMAN MATHIS & GARY, LLP**
1013 Galleria Boulevard
Roseville, California 95678-1365
Telephone:  916.472.3300
Facsimile:   833.297.6235

*Attorneys for Defendants*
CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES,
MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN I
SAAC AARONS, ESQ.,ELIZABETH ANNE HERNANDEZ, ESQ.,
CHRISTA HAGGAI RAMEY, ESQ., DANNY ABIR, ESQ., KATHRYN
MARIE TREPINSKI, ESQ., KWEDI MOORE
("CAALA DEFENDANTS")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL S. ZASLAVSKY, an individual,<br>              Plaintiff,<br><br>        v.<br><br>CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, a California non-profit corporation, MINH TRI NGUYEN, ESQ., an individual; IBIERE SECK, ESQ., an individual; MARTIN ISAAC AARONS, ESQ., an individual; ELIZABETH ANNE HERNANDEZ, ESQ., an individual; CHRISTA HAGGAI RAMEY, ESQ., an individual; DAN ABIR, ESQ., an individual; KATHRYN MARIE TREPINSKI, ESQ., an individual; DAVID HOFFMAN, ESQ., an individual; an individual; KEITH LaSALLE ALLEN, ESQ., an individual; SAMER SAMI HABBAS, ESQ., an individual; STEPHEN MASHNEY, ESQ., an individual; KWEDI MOORE, an individual; and DOES 1-10, inclusive,<br>              Defendants. | Case No.:  2:23-cv-06460-SPG-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CAALA DEFENDANTS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**Fed. R. Civ. P. 12(b)(6)]**<br><br>**Date:         October 11, 2023**<br>**Time:         1:30 p.m.**<br>**Courtroom:  5C**<br>**Judge:  Sherilyn Peace Garnett**<br><br>Mag. Judge:  Maria A. Audero<br><br>Complaint Filed:    August 8, 2023 |

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................. 6

II.    SUMMARY OF ALLEGATIONS ........................................ 7

III.   LEGAL STANDARD ......................................................... 10

IV.    THE CAUSE OF ACTION FOR UNLAWFUL
       DISCRIMINATION IN PUBLIC ACCOMODATION
       PURSUANT TO 42 U.S.C. SECTION 2000A FAILS TO
       STATE A CLAIM ................................................................ 11
       A.    Section 2000a Does Not Apply to Private Clubs ............... 11
       B.    Plaintiff Has Not Alleged Discriminatory Intent ............... 12

V.     PLAINTIFF STATES NO ACTIONABLE CLAIM FOR
       UNLAWFUL DISCRIMINATION IN VIOLATION OF THE
       UNRUH ACT CIVIL CODE SECTIONS 51 AND 52 ............... 13
       A.    A Private Bar Association is Not a "Business
             Establishment" ................................................................ 13
       B.    Political Belief is Not a "Protected Classification" ............ 14
       C.    Policies Applicable to All Do Not Violate The Unruh
             Act ................................................................................. 15
       D.    Plaintiff was Expelled from CAALA Because of His
             Violation of the Organization's Neutral Membership
             Policies ........................................................................... 16

VI.    PLAINTIFF DID NOT STATE AN ACTIONABLE CLAIM
       FOR DISCRIMINATION IN BUSINESS DEALINGS IN
       VIOLATION OF CIVIL CODE SECCTION 51.5 ..................... 18
       A.    Dismissal is Proper Because a Volunteer Private Bar
             Association is a Private club-Not a Commercial
             Enterprise ........................................................................ 18
       B.    No Civil Code Section 51.5 Claim Liles Against the
             Individuals, Who are Not in a Proprietor/Customer
             Relationship with Plaintiff ................................................ 19

VII.   THERE ARE INSUFFICIENT FACTS TO STATE A CLAIM
       FOR INTENTIONAL INTERFERENCE WITH
       PROSPECTIVE ECONOMIC RELATIONS ............................ 19

VIII.  THERE ARE NO FACTS TO ALLEGE NEGLIGENT
       INTERFERENCE WITH PROSPECTIVE ECONOMIC
       RELATIONS ..................................................................... 20

IX.    CONCLUSION ................................................................. 21

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Akiyama v. U.S. Judo Inc.*,
   181 F. Supp. 2d 1179 (W.D. Wash. 2002)............................................................14

*Ballinger v. City of Oakland, California*,
   142 S. Ct. 2777 (2022) ......................................................................................12

*Bell Atl. Corp. v. Twomblv*,
   550 U.S. 544 (2007) ..........................................................................................11

*Bell v. Maryland*,
   (1964) 78 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822...........................................17

*Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*,
   No. 11–CV–565–L–WVG, 2011 WL 5360074 (S.D.Cal. Nov. 3, 2011) ...........27

*Civil Rights Cases*,
   109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835................................................................10

*Curran v. Mount Diablo Council of the Boy Scouts*,
   17 Cal. 4th 670, 952 P.2d 218 (1998)................................................................16

*Damabeh v. 7-Eleven, Inc.*,
   No. 5:12-CV-1739-LHK, 2013 WL 1915867 (N.D. Cal. May 8, 2013).............27

*Daniel v. Paul*,
   395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969).........................................13

*Duronslet v. Cty. of Los Angeles*,
   266 F. Supp. 3d 1213 (C.D. Cal. 2017) .............................................................20

*Grundy v. Walmart Inc.*,
   No. CV 18-1720-PSG (SKx), 2018 WL 5880914 (C.D. Cal. June 22, 2018).....20

*James v. US Bancorp*,
   No. 5:18-cv-01762-Fla (SPx), 2021 WL 4582105 (C.D. Cal. June 4, 2021)......20

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ........................................................................ 24

*Les Fields/C.C.H.I. Ins. Servs. v. Hines*,
  No. 15-CV-03728-MEJ, 2016 WL 6873459 (N.D. Cal. Nov. 22, 2016) ........... 25

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ........................................................................ 12

*Nia v. Bank of Am., N.A.*,
  603 F. Supp. 3d 894 (S.D. Cal. 2022) ............................................................. 20

*North American Chemical Co.*,
  59 Cal.App.4th 764 (1997) ............................................................................. 26

*Republican Nat'l Comm. v. Google, Inc.*,
  No. 222CV01904DJCJBP, 2023 WL 5487311 (E.D. Cal. Aug. 24, 2023) ........ 18

*Roth v. Rhodes*,
  25 Cal.App.4th 530, 30 Cal.Rptr.2d 706 (1994) ............................................. 23

*Strother v. S. California Permanente Med. Grp.*,
  79 F.3d 859 (9th Cir. 1996) ........................................................................... 23

*Turner v. Ass'n of Am. Med. Colleges*,
  167 Cal. App. 4th 1401, 85 Cal. Rptr. 3d 94 (2008) ................................. 19, 21

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..................................................... 19, 20

*Warfield v. Peninsula Golf & Country Club*,
  10 Cal. 4th 594, 896 P.2d 776 (1995) ....................................................... 15, 16

*Youst v. Longo*,
  43 Cal. 3d 64 (1987) ...................................................................................... 25

Statutes

42 U.S.C.A. § 2000a(e) ..................................................................................... 13

42 USC § 2000(a) ................................................................................... 12, 13, 14

Freeman Mathis
& Gary, LLP
Attorneys at Law

4

**MOTION TO DISMISS (FRCP 12(b)(6))**

42 USC § 2000a(a) ........................................................................... 12

Civil Code § 51(b)(e) ........................................................................ 19

Civil Code § 51(e)(4) ........................................................................ 14

Civil Code § 51.5 ................................................................ 10, 22, 23

Civil Code § 52 ...................................................................... passim

Civil Code § 51.7 .............................................................................. 10

Civil Code § 52.1 .............................................................................. 10

Rules

Fed. R. Civ. P. 12(b)(6) .................................................................... 11

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**

## I.   INTRODUCTION

After notice and a hearing before the Executive Committee of the Board of Governors of the Consumer Attorneys Association of Los Angeles, Plaintiff Neal S. Zaslavsky was expelled from the association for a "not particularly well-stated email," in which he accused Executive Director Kwedi Moore of being anti-Semitic or at a minimum, siding with anti-Semitic sentiment stated on the CAALA politics listserv. According to the complaint, Plaintiff had gotten into a "lively yet at times heated" discussion with other members on the CAALA-POL listserv. Several of the individual defendants allegedly expressed anti-Zionist views.  Plaintiff alleges that he "perhaps inarticulately" came out against the members for "attacking Israel," calling Palestinian CAALA member Mashney and another member "professional Palestinian terrorists." Several of the participants in the discussion were suspended for 30 days, including Plaintiff and Defendants Allen and Mashney.

Plaintiff's expulsion from the organization arose from the subsequent email he sent to the CAALA Executive Director, Defendant Kwedi Moore, the substance of which was not alleged in the complaint. The Board then took action to expel Plaintiff from CAALA and bar him from future events.  Plaintiff admits that he was provided an opportunity to provide written and oral advocacy before the Executive Committee of the Board of Governors at a hearing on the topic of his email to Ms. Moore. He alleges that he refused to answer questions that he deemed "inappropriate, impertinent, and irrelevant," thus admitting to his refusal to fully cooperate in the hearing.  Following deliberations by the Board, Plaintiff was expelled from CAALA and barred from future events.

Dismissal of the action is appropriate because construing all allegations in Plaintiff's favor, he has failed to state a cognizable claim on any ground.

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

## II.     SUMMARY OF THE ALLEGATIONS

Plaintiff alleges that in May 2023, he participated in a "lively, and at times, heated" discussion on one of CAALA's "members only" listserv. (Complaint, ¶33.) The discussion began about the candidacy of a particular governor for the office of the President of the United States. The discussion was allegedly "hijacked" by certain CAALA members, including Allen, Habbas, and Hoffman, into an alleged "sharp and ill-informed criticism of the state of Israel." (Complaint, ¶ 34.)   Plaintiff alleges that Habbas, Mashney, and Hoffman had "consistently, repeatedly, and without any actual facts underlying their untenable positions, attacked Israel, Zionism, and the Jewish people. Indeed, their collective, and individual unfettered hatred of the Jewish people and of the state of Israel has long infected" the listserv. (Complaint, ¶35.)   Plaintiff characterized this as a "campaign of terror and hate against the Jewish people (including Jewish members of CAALA) and of the state of Israel." (Complaint, ¶36.)

Plaintiff alleged that he responded "perhaps a bit inarticulately" to the members who had engaged in "the most vitriolic, anti-Semitic, anti-Zionist, Jew-hating rhetoric over the past many years," and called them "professional Palestinian terrorists." (Complaint, ¶39.) Plaintiff alleged that he "certainly stands by his assessment of the offending individuals, and, indeed, has seen behavior from them befitting the moniker," although he admits that the "strong language used by all parties would have been better placed on a forum other than the non-work product, CAALA-POL listserv." (Complaint, ¶ 40.)

Both plaintiff and defendant Allen were suspended for 30 days from use of the listserv by executive director Kwedi Moore. (Complaint, ¶ 44.) "Upon receiving the suspension notice, plaintiff reacted in the unfortunate way that many similarly situated people do, criticizing the messenger rather than the message itself. However, "realizing that his email to Ms. Moore was likely too strongly worded, Plaintiff drafted and sent a heartfelt apology to Ms. Moore."

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**

Prior to sending the apology, plaintiff alleges he received an email from defendant Nguyen: "Neal: your email to Kwedi Moore is out-of-line…. I trust your email to Kwedi was made in passion. When you calm down, I expect an apology from you to Kwedi. You are displacing your anger to Kwedi. You are completely in the wrong and better than this. If you want to discuss, you may call me. (Complaint, ¶46.)  He thereafter apologized to Defendant Moore who did not respond. (Complaint, ¶ 47.)

Plaintiff alleges that he assumed that the incident had resolved, however, in June, he received notice from the Board indicating that the Board was considering expelling him from membership in CAALA as provided in Article II, section a (iv) of the CAALA By-laws.[1] Membership may be denied in specified circumstances, including:

> iv. Interests of Corporation. On a good faith finding by the Board of Governors, made in accordance with this Section, that continued participation by the member in this corporation as a member is not in the best interests of this corporation and the furtherance of its purposes, such member's membership in this corporation shall terminate. The best interests of this corporation include the orderly, dignified, and harmonious conduct of its business; the preservation of its reputation, good will, character, and property; and adherence to its governing instruments, and policies and procedures determined by the Board of Governors.

(See also Complaint, ¶68.)

Plaintiff alleges that the bylaw is "vague at best," and gives the CAALA Board "the unfettered ability to throw anyone out of the organization, for any reason, even for discriminatory reasons."  Plaintiff also alleges that the CAALA

---

[1] CAALA By-laws are available on CAALA's website, https://www.caala.org/?pg=bylaws, last accessed September 6, 2023.

Freeman Mathis
& Gary, LLP
Attorneys at Law

8

**MOTION TO DISMISS (FRCP 12(b)(6))**

bylaws failed to provide procedures for the subsequent expulsion hearings. The lack of procedures allegedly give the Executive Committee and Board of Governors unfettered discretion to determine the procedures on an ad hoc basis. While the bylaws require notice in advance of the hearing, no further specificity or procedures are stated. Plaintiff alleged that the lack of procedural safeguards failed to provide him adequate due process.  (Complaint, ¶53.) He alleged he was not provided documents in advance of the hearing and was told that he only had five minutes to present his entire argument as to why he should not be expelled from the organization. He alleges that these procedures denied him due process and he was also denied the opportunity to be represented by counsel, or to call or produce witnesses on his own behalf. Plaintiff alleges he was misinformed about the deadline for providing written argument in his defense, making the expulsion proceedings a "mockery of justice."

The proceeding was held on June 15, 2023, via Zoom. Plaintiff was given five minutes to present his case, and "there was no indication that his written argument had actually been reviewed." At the conclusion of five minutes, there was a question and answer period where the Board members asked him questions. Plaintiff refused to answer a question from Defendant Hoffman, whose questions Plaintiff deemed "inappropriate, impertinent, and irrelevant."  (Complaint, ¶61.) Plaintiff then alleged that Defendant Trepinski questioned him during which she attempted to belittle him, laughed at him and contended that no real threats were made towards him. After Plaintiff refused to answer Defendant Hoffman's questions, the Board voted to cut off further questioning and adjourned to Executive Session to begin deliberations. (Complaint, ¶63.) Several hours later, Plaintiff was advised that the board had voted to terminate his membership and banned him from future events.  He alleged that he was never advised that expulsion from the group came with a "ban" from further events. (Complaint, ¶64.)

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

Plaintiff then alleged that defendant Nguyen used harsh language and threatened to have Plaintiff arrested if he were ever present anywhere near a CAALA event. (Complaint ¶ 65.)

Plaintiff admits that the executive committee "essentially accused [him] of calling Ms. Moore an antisemite." He admits that he asked Moore "whether she will be siding with antisemites, or, alternatively, whether she will stand with those of us who adhere to the teachings of Rev. Dr. Martin Luther King Jr., who famously stated that anti-Zionism is antisemitism." (Complaint, ¶ 70.) Plaintiff also admits that his email to defendant Moore may "not have been particularly well stated because he had just been triggered by the threats on his life, he was merely looking to see which side of the issue of anti-Semitism, and anti-Zionism Moore adhered to." (Complaint, ¶72.)

Based on these events, Plaintiff alleged 7 discrete causes of action as follows: Unlawful Discrimination in Public Accommodation in Violation of 42 USC §2000a against CAALA; Unlawful Discrimination in Violation of the Unruh Civil Rights Act, California Civil Code §§ 51 and 52 against CAALA; Discrimination in Business Dealings in Violation of California Civil Code § 51.5 against all Defendants; Threats of Violence in Violation of the Ralph Civil Rights Act, California Civil Code, § 51.7 against defendant Allen; Violations of the Bane Act, California Civil Code, § 52.1 against defendant Allen; Intentional Interference with Prospective Economic Relations against the individual defendants; and Negligent Interference with Prospective Economic Relations.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead sufficient facts to provide the grounds of his entitlement to relief, which requires more than labels and conclusions, and more than a formulaic recitation of the elements of a cause

10

of action. *Twombly*, 550 U.S. at 555. In other words, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1100, 1104 (9th Cir. 2008); *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir.), cert. denied sub nom. *Ballinger v. City of Oakland, California*, 142 S. Ct. 2777 (2022).

## IV.   THE CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATION IN PUBLIC ACCOMODATION PURSUANT TO 42 U.S.C. § 2000a FAILS TO STATE A CLAIM

### A.   Section 2000a Does Not Apply to Private Clubs

Title II of the Civil Rights Act of 1964, 78 Stat. 243, 42 U.S.C. § 2000a et seq. prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. § 2000a(a). *Daniel v. Paul*, 395 U.S. 298, 306, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969).

More importantly, section 2000a does not apply to private clubs or organizations: "The provisions of this subchapter shall not apply to a private club or other establishment not in fact open to the public, except to the extent that the facilities of such establishment are made available to the customers or patrons of an establishment within the scope of subsection (b)." 42 U.S.C.A. § 2000a(e). An exhaustive list of establishments that fall within the ambit of interstate commerce are enumerated and include: lodgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; other covered establishments, among other judicially determined "public accommodations."

CAALA is a private bar association that restricts membership to a segment of practicing attorneys in good standing who represent plaintiffs and do not represent certain classes of defendants:  "To qualify for attorney membership you

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

must meet the following requirement - you and anyone associated with your firm primarily represent plaintiffs and do not defend on an ongoing basis any insurance company(ies), manufacturer(s), governmental entity(ies), common carrier(s), corporation(s), public utility(ies) or other organization in personal injury, wrongful death, workers' compensation, employment or other consumer-related litigation."[2] Thus, unlike a general bar association, which would be open to any licensed attorney, and thus function more like a trade association open to all persons in a particular profession, CAALA is akin to a self-governing private club, with by-laws, rules, and restrictions on membership. Such clubs are by definition "private clubs" that are exempt from the "public accommodation" laws of 42 U.S.C. § 2000a.

### B.    Plaintiff Has Not Alleged Discriminatory Intent.

In order to state a claim for violation of section 2000a for religious discrimination, Plaintiff must allege facts plausibly demonstrating discriminatory intent on the part of CAALA. *Akiyama v. U.S. Judo Inc.*, 181 F. Supp. 2d 1179, 1184 (W.D. Wash. 2002) (where the complaint is based on allegations of religious discrimination, intent must be an element of the claim).

Plaintiff alleged that the statement of other users of the listserv were "vicious, anti-Semitic and anti-Zionist attacks" or vitriolic in nature. He does not state facts that anyone associated with CAALA knew that Plaintiff was Jewish. He merely alleges that he himself had a personal relationship to anti-Semitism in that he had lost members of his extended family to the Holocaust—but he does not allege that anyone associated with CAALA was aware of that.  (See Complaint, ¶¶ 37, 38.) Without establishing the existence of actual knowledge and intent on the part of persons authorized to act for CAALA, Plaintiff cannot plausibly state a claim for violation of section 2000a. There are no allegations that CAALA acted

Freeman Mathis
& Gary, LLP
Attorneys at Law

---

[2] https://www.caala.org/?pg=MembershipMain, last accessed 9/6/2023

**MOTION TO DISMISS (FRCP 12(b)(6))**

1   with intentional discriminatory animus, or that Plaintiff was expelled on the basis

2   of his religion as opposed to the admittedly strongly worded emails that he sent.

3   This claim against CAALA should be dismissed.

4   **V.   PLAINTIFF STATES NO ACTIONABLE CLAIM FOR UNLAWFUL DISCRIMINATION IN VIOLATION OF THE UNRUH ACT CIVIL CODE §§ 51 AND 52**

5

6       **A.   A Private Bar Association is Not a "Business Establishment"**

7       Plaintiff asserts the second claim against CAALA only for unlawful

8   discrimination in violation of the Unruh Act.  A private mutual benefit non-profit

9   bar association is not a "business establishment" and dismissal of this claim is

10  appropriate.

11      The Unruh Act entitles all persons in California to "full and equal

12  accommodations, advantages, facilities, privileges, or services in all business

13  establishments" irrespective of, among other things, religious belief. Cal. Civ.

14  Code § 51). Section 51, subd. e (4) defines "religion" as including all aspects of

15  religious belief, observance, and practice. Cal. Civ. Code § 51.

16      However, California courts are clear that clubs are not typically business

17  establishments within the purview of the Act. "A truly private social club

18  generally would not constitute a 'business establishment' within the meaning of

19  section 51." *Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 599, 896

20  P.2d 776, 778 (1995); *Curran v. Mount Diablo Council of the Boy Scouts*, 17 Cal.

21  4th 670, 673, 952 P.2d 218, 220 (1998) (Boy Scouts do not fall into category of

22  "business establishments" within the meaning of the Unruh Civil Rights Act).

23      In *Warfield*, the court noted that in debating the original 1959 iteration of

24  Civil Code section 51, the California Legislature had proposed extending anti-

25  discrimination provisions to private groups. The initial draft contained language

26  extending such protection to "membership, and privileges in, or accorded by, all

27  public or private groups, organizations, associations," (Assem. Bill No. 594 (1959

28  Reg. Sess.), as introduced Jan. 21, 1959).  In the course of the bill's passage, that

Freeman Mathis
& Gary, LLP
Attorneys at Law

13

**MOTION TO DISMISS (FRCP 12(b)(6))**

language was removed and replaced, making anti-discrimination protection applicable broadly "all business establishments of every kind whatsoever," but excluding private groups. *Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 608, 896 P.2d 776, 784 (1995), citing (Stats.1959, ch. 1866, § 1, p. 4424). Thus, the courts have determined that the California Legislature had considered and declined to extend section 51 protections to membership decisions made by private clubs. This result is consistent with the congressional debates that resulted in the adoption of the Fourteenth Amendment to the United States Constitution and the original federal Civil Rights Acts, as "the drafters of those enactments drew a clear distinction between an individual's "civil rights" and his or her "social rights," viewing the right of nondiscriminatory access to places of public accommodation as a fundamental civil right but, at the same time, acknowledging that such protection against discrimination did not extend to access to another person's home or private club or, in general, to "social relations." *Id*., at 616, citing to *Bell v. Maryland* (1964) 78 U.S. 226, 293, 84 S.Ct. 1814, 1851, 12 L.Ed.2d 822 (conc. opn. of Goldberg, J.); *Civil Rights Cases*, 109 U.S. 3, 59–60, 3 S.Ct. 18, 55–56, 27 L.Ed. 835 (dis. opn. of Harlan, J.) (1883).

Consequently, as a private non-profit organization with rules of self-governance, by-laws, a Board of Governors, and a membership that is restricted to a defined segment of the profession, CAALA fits the definition of a "private club" of the sort the Legislature of California exempted from Civil Code section 51.

**B.      Political Belief is Not a "Protected Classification."**

There are no allegations that any of the Defendants knew that Plaintiff was Jewish, or actively denied him full and equal accommodations on the basis of his Jewish faith, as opposed to expelling him for his pugnacious behavior or "strongly-worded," or "heated" emails to other members or to the executive director. The statements that are alleged in the Complaint are not religious in nature but political. Political beliefs or affiliations are not a protected classification

14

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

as defined in Civil Code section 51. *Republican Nat'l Comm. v. Google, Inc.*, No. 222CV01904DJCJBP, 2023 WL 5487311, at *14 (E.D. Cal. Aug. 24, 2023). While Plaintiff makes no allegation that CAALA or its Board of Governors, officers, or executive director knew that Plaintiff is Jewish, he does make many mentions of the vocal support for the State of Israel, and his disdain—and other persons' support for—Palestinians. Thus, the predominant character of Plaintiff's dispute on the CAALA-POL (for politics) listserv was a fierce ideological disagreement among members.   But any actions flowing from alleged disagreement with these political statements are not actionable under the Unruh Act. The Act only prevents discrimination relating to sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status. Cal. Civ. Code § 51.

The fact that Plaintiff claims that "anti-Zionism is anti-Semitism" is not a self-proving proposition.  Plaintiff has summarily concluded that the other posters were anti-Semitic, but no overtly anti-Semitic statement has been pleaded; his own admitted statements would suggest that this was a political dispute, not a religious one. There are no allegations that permit the Court to draw a conclusion that Plaintiff identified himself as Jewish, rather than just a person who supports the state of Israel for political or ideological reasons. Thus, no actionable claims of discrimination have been stated.

**C.    Policies Applicable to All Do Not Violate The Unruh Act.**

Nor does the Unruh Act extend to practices and policies that apply equally to all persons.  *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal. App. 4th 1401, 1408, 85 Cal. Rptr. 3d 94, 100 (2008), as modified on denial of reh'g (Nov. 25, 2008).

To plead a claim for Violation of the Unruh Act, plaintiff must allege facts to satisfy the following elements: (i) defendant denied plaintiff full and equal

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in causing plaintiff's harm. *Nia v. Bank of Am., N.A.*, 603 F. Supp. 3d 894, 906 (S.D. Cal. 2022), citing *James v. US Bancorp,* No. 5:18-cv-01762-Fla (SPx), 2021 WL 4582105, at *6 (C.D. Cal. June 4, 2021); *Grundy v. Walmart Inc*., No. CV 18-1720-PSG (SKx), 2018 WL 5880914, at *3 (C.D. Cal. June 22, 2018). The complaint must include "some factual context that gives rise to a plausible inference of discriminatory intent[.]" *Duronslet v. Cty. of Los Angeles*, 266 F. Supp. 3d 1213, 1217 (C.D. Cal. 2017).

Here, Plaintiff has not alleged that he was denied any accommodation by the CAALA Board of Governors that was "substantially motivated" by his membership in a protected class.  He has not alleged that CAALA undertook acts or enacted any policies that discriminated against him personally, as opposed to merely prohibiting certain types of conduct or communications on its listservs that were applicable to all persons.  Plaintiff admits that at least one other person was subject to a 30-day suspension. No other members were alleged to have written "out of line" letters to the executive director, nor are there allegations that the reason for his suspension was related to Plaintiff's religion, as opposed to his "out-of-line" email to Defendant Moore. There are thus no facts alleged to plausibly suggest that CAALA listserv or membership policies were not neutrally applied.

### D.     Plaintiff was Expelled from CAALA Because of His Violation of the Organization's Neutral Membership Policies.

"A policy that is neutral on its face is not actionable under the Unruh Act, even when it has a disproportionate impact on a protected class." *Turner v. Ass'n of Am. Med. Colleges,* 167 Cal. App. 4th at 1408.

CAALA's Code of Conduct is publicly available on its website.[3] The first rules are as follows:

> This sets forth the Code of Conduct expected of all members of the
>
> Consumer Attorneys Association of Los Angeles (CAALA).
>
> As a member of CAALA, I will strive to:
>
> 1. Uphold the reputation and good standing of CAALA
>
> 2. Maintain a respectful demeanor with Fellow CAALA members, CAALA
>
> staff, and CAALA affiliate members.

CAALA also maintains by-laws pertaining to termination of membership, which set forth both substantive grounds for termination and a procedure permitting "notice" and a quasi-adjudicatory hearing before the Board of Governors.  (Complaint ¶ ¶49–64, 68.)

While the full details of Plaintiff's written interactions are not alleged in full in the Complaint, the allegations amount to Plaintiff's judicial admissions about the general character of the communications Plaintiff had with other members of CAALA and with the Board.  With respect to his own participation, he admits that his communications were "strongly worded" (Complaint, ¶45), "strong language" (¶40), "lively and at times heated," (¶33), and "a bit inarticulately" stated claim that other members of the listserv were "professional Palestinian terrorists." (¶39). He admitted that Nguyen advised him that his email to Moore was "out-of-line" and that he apologized. (¶46.)

CAALA had a policy of respectful demeanor and Plaintiff admitted to using language that was "out of line" and for which he later apologized. He admits to calling his co-members "professional Palestinian terrorists." He admits that he was given notice and a hearing before the Board prior to termination. The Court cannot draw a logical conclusion that Plaintiff was denied full and equal accommodations

---

[3] https://www.caala.org/?pg=CodeofConduct, last accessed 9/6/23.

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

because of his religious beliefs, as opposed to his bellicose, unprofessional name calling or political attacks. Thus, this cause of action fails to meet the "well-pleaded claim" mandate and should be dismissed.

## VI.   PLAINTIFF DID NOT STATE AN ACTIONABLE CLAIM FOR DISCRIMINATION IN BUSINESS DEALINGS IN VIOLATION OF CIVIL CODE SECTION 51.5.

### A.   Dismissal is Proper Because a Volunteer Private Bar Association is a Private Club—Not a Commercial Enterprise.

Plaintiff brought a claim for violation of California Civil Code section 51.5 against all Defendants.  This section prohibits business to business discrimination: "No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51…" Cal. Civ. Code § 51.5.

The Ninth Circuit interprets section 51.5 as a mere extension of the Unruh Act. *Strother v. S. California Permanente Med. Grp.*, 79 F.3d 859, 875 (9th Cir. 1996), as amended on denial of reh'g (Apr. 22, 1996), as amended on denial of reh'g (June 3, 1996) (citing *Roth v. Rhodes*, 25 Cal.App.4th 530, 537, 30 Cal.Rptr.2d 706 (1994)).  It has determined that section 51.5, like section 51, is aimed only at discrimination in "relationships similar to the proprietor/customer relationship," and requires the plaintiff to make the same showing. *Id*.; *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1126–27 (9th Cir. 2008).

There are no allegations that CAALA or its Board of Governors or Executive Committee members discriminated, boycotted, blacklisted, refused to buy from or contract with Plaintiff on the basis of his sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status." Cal. Civ. Code § 51.  For the reasons stated above, the Court cannot

**MOTION TO DISMISS (FRCP 12(b)(6))**

Freeman Mathis
& Gary, LLP
Attorneys at Law

plausibly conclude that Plaintiff's expulsion from CAALA was substantially motivated by his being Jewish—or even that anyone knew he was Jewish.

Finally, it is questionable that a private club and a member bear the same relationship as would a proprietor and customer in order to maintain a cause of action under this section.

### B. No Civil Code Section 51.5 Claim Lies Against the Individuals, Who are Not in a Proprietor/Customer Relationship with Plaintiff

Dismissal of the individual defendants from the Third Claim for "Discrimination in Business Dealings" is proper for the additional reason that the individuals are not themselves in business or acting to discriminate against the Plaintiff in the conduct of a proprietor/customer relationship.  Assuming arguendo that a "customer/proprietor" relationship existed between Plaintiff and CAALA (CAALA disputes this), clearly no such relationship exists between the individual defendants who were either on the Board of Governors or served in the Executive Committee—in a volunteer capacity as co-members of a private bar association— or in management, in Defendant Moore's case.   Plaintiff has not alleged otherwise.

### VII.  THERE ARE INSUFFICIENT FACTS TO STATE A CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

To state a claim for intentional interference with prospective economic advantage, Plaintiff must show: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987); *Les Fields/C.C.H.I. Ins. Servs. v. Hines*, No. 15-CV-03728-MEJ, 2016 WL 6873459, at *8 (N.D. Cal. Nov. 22, 2016).

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**

There are not sufficient facts stated to substantiate these elements. The "intentional acts" of expelling Plaintiff from membership pursuant to procedures stated in the by-laws is not the "intent" to interfere with his professional marketing or access to work product shared by the Plaintiff's bar. The Plaintiff's professional relationships with his colleagues were not severed; only his participation in CAALA activities. Without a greater showing, this cause of action fails the well-pleaded claim requirement and should be dismissed.

## VIII.  THERE ARE NO FACTS TO ALLEGE NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

In California recognizes a tort for "negligent interference with prospective business advantage," which has many of the same elements as an intentional interference with prospective business advantage claim. To plead such a claim adequately, a plaintiff must allege that "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *North American Chemical Co.*, 59 Cal.App.4th 764, 786 (1997); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1118 (C.D. Cal. 2015).

A plaintiff alleging negligent interference with prospective business advantage "must identify with particularity the relationships or opportunities with which [d]efendant is alleged to have interfered." *Damabeh v. 7-Eleven, Inc.*, No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *8, 10 (N.D. Cal. May 8, 2013); *Blue*

Freeman Mathis & Gary, LLP
Attorneys at Law

20

*Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*, No. 11–CV–565–L–WVG, 2011 WL 5360074, at \*5 (S.D.Cal. Nov. 3, 2011) (finding an "allegation that the defendant interfered with 'speculative' future customers [was] insufficient" to plead negligent interference with prospective business advantage). *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1118 (C.D. Cal. 2015).

Plaintiff has not stated the existence of knowledge by a CAALA defendant to prevent economic harm coming to Plaintiff as a result of his expulsion from CAALA.  Because no specific relationships are alleged, the court must dismiss this claim as deficiently pleaded.

## IX.    CONCLUSION

Because the conduct alleged at length in the Complaint is not actionable for the reasons stated above, CAALA and the individual CAALA defendants ask the Court to dismiss the Complaint against them with prejudice.

Dated:  September 7, 2023                        FREEMAN MATHIS & GARY, LLP

By:    */s/ William Munoz*
                  William Munoz

Attorneys for Defendants, CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ.,ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., KWEDI MOORE

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**

## __CERTIFICATE OF COMPLIANCE__

The undersigned, counsel of record for the CAALA Defendants, certifies that this brief contains 5,420 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 7, 2023

FREEMAN MATHIS & GARY, LLP

By:  ___/s/ William Munoz___

William Munoz

Attorneys for Defendants, CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ.,ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., KWEDI MOORE

Freeman Mathis
& Gary, LLP
Attorneys at Law

## **CERTIFICATE OF SERVICE**

I declare that I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years at the time of service and not a party to the within cause.  My employment address is and my electronic service address is Holly.Mills@fmglaw.com.

On September 7, 2023, I served copies of the attached document(s) entitled:

**MOTION TO DISMISS OF DEFENDANTS CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH T. NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN AARONS, ESQ., ELIZABETH HERNANDEZ, ESQ., CHRISTA RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN TREPINSKI, ESQ., and KWEDI MOORE**

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

*Attorneys for Plaintiff* ***

ý    **BY ECF.**  Pursuant to rule 5 of Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 7, 2023 at Roseville, California.

_____*/s/ Holly Mills*_____
Holly Mills

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MOTION TO DISMISS (FRCP 12(b)(6))**