1   William A. Munoz (SBN 191649)
    bill.munoz@fmglaw.com
2   **FREEMAN MATHIS & GARY, LLP**
    1013 Galleria Boulevard
3   Roseville, California 95678-1365
    Telephone:  916.472.3300
4   Facsimile:   833.297.6235

5   *Attorneys for Defendants*
    CONSUMER ATTORNEYS ASSOCIATION
6   OF LOS ANGELES, MINH TRI NGUYEN, ESQ.,
    IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ.,
7   ELIZABETH ANNE HERNANDEZ, ESQ.,
    CHRISTA HAGGAI RAMEY, ESQ.,
8   DANNY ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ.,
    KWEDI MOORE ("CAALA DEFENDANTS")
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13   NEAL S. ZASLAVSKY, an individual,          Case No.:  2:23-cv-06460-SPG-MAA

              Plaintiff,
14
                                                **DEFENDANTS CONSUMER**
15         v.                                   **ATTORNEYS ASSOCIATION**
                                                **OF LOS ANGELES, MINH T.**
16   CONSUMER ATTORNEYS                         **NGUYEN, ESQ., IBIERE SECK,**
     ASSOCIATION OF LOS ANGELES, a              **ESQ., MARTIN ISAAC**
17   California non-profit corporation, MINH    **AARONS, ESQ., ELIZABETH**
     TRI NGUYEN, ESQ., an individual;           **ANNE HERNANDEZ, ESQ.,**
18   IBIERE SECK, ESQ., an individual;          **CHRISTA HAGGAI RAMEY,**
     MARTIN ISAAC AARONS, ESQ., an              **ESQ., DANNY ABIR, ESQ.,**
19   individual; ELIZABETH ANNE                 **KATHRYN TREPINSKI, ESQ.,**
     HERNANDEZ, ESQ., an individual;            **AND KWEDI MOORE'S**
20   CHRISTA HAGGAI RAMEY, ESQ., an             **MEMORANDUM OF POINTS**
     individual; DAN ABIR, ESQ., an             **AND AUTHORTITIES IN**
21   individual; KATHRYN MARIE                  **SUPPORT OF SPECIAL**
     TREPINSKI, ESQ., an individual; DAVID      **MOTION TO STRIKE**
22   HOFFMAN, ESQ., an individual; an           **SECOND, THIRD, SIXTH AND**
     individual; KEITH LaSALLE ALLEN,           **SEVENTH CAUSES OF**
23   ESQ., an individual; SAMER SAMI            **ACTION**
     HABBAS, ESQ., an individual; STEPHEN
24   MASHNEY, ESQ., an individual; KWEDI        **Cal. Code Civ. Proc. § 425.16]**
     MOORE, an individual; and DOES 1-10,
25   inclusive,                                 **Date:         October 11, 2023**
                                                **Time:         1:30 p.m.**
26              Defendants.                     **Courtroom:  5C**
                                                **Judge:  Sherilyn Peace Garnett**
27
                                                Mag. Judge:  Maria A. Audero
28
                                                Complaint Filed:   August 8, 2023

                                    1

Freeman Mathis
& Gary, LLP
Attorneys at Law

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 8

II.   STATEMENT OF FACTS ......................................................................... 9

    A.  Overview of CAALA and the List Serve Policy ................................ 9

    B.  CAALA By-Laws and Membership Termination ............................ 10

    C.  The May 15, 2023, List Serve Discussion ..................................... 11

    D.  CAALA Suspends Plaintiff and Defendant Allen rom the
       Listserv ........................................................................................ 12

    E.  Plaintiff Responds to Executive Director Moore Following
       Receipt of Notice of Suspension ................................................. 12

    F.  CAALA Board of Governors' Proposed Termination of
       Plaintiff's Membership ............................................................... 13

III.  LEGAL ARGUMENT ............................................................................ 14

    A.  SLAPP Motions in General and in Federal Court ......................... 14

    B.  Plaintiffs' Second, Third, Sixth and Seventh Claims are Based
       upon Protected Activity under California's SLAPP Statute ........... 17

    C.  Plaintiff Cannot Establish a Probability of Prevailing on the
       Merits of Any of his State Law Claims ........................................ 19

        1.  All Claims Against the Individual CAALA Board
           Members are Barred by the Business Judgement Rule .......... 19

        2.  The State Claims are Barred as to all Defendants Because
           Plaintiff Failed to Exhaust his Adminstrative Remedies ...... 21

        3.  The Claims are Barred by the Litigation Privilege ............... 22

        4.  Plaintiff's Second and Third Causes of action for
           Violation of California Unruh Act Fail as Plaintiff was
           Not Denied Access Nor Blacklisted for Discriminator
           Reasons ............................................................................. 23

           a.  CAALA is Not a Business Establishment under the
             Unruh Act .................................................................... 24

           b.  Plaintiff's Religion was not a Substantial Motivating
             Factor in Terminating his Membership ......................... 25

        5.  Plaintiff's Sixth and Seventh Causes of Action for
           Intentional and Negligent Interference with Prospective
           Economic Advantage Against the Individual CAALA
           Defendants Fail as a Matter of Law ..................................... 26

    D.  Alternatively, the Court Should Strike the Allegations
       Involving Protected Activity ........................................................ 27

IV.   CONCLUSION ...................................................................................... 28

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

# TABLE OF AUTHORITIES

Page(s)

Cases

*Baca v. Moreno Valley Unified School Dist.*,
   936 F.Supp. 719 (C.D.Cal. 1996) ..................................................................22

*Baral v. Schnitt*,
   1 Cal.5th 376 (2016) .....................................................................................19

*Bell v. Maryland*,
   (1964) 78 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822.....................................34

*Blank v. Kirwan*,
   39 Cal.3d 311 .................................................................................................37

*Blende v. Maricopa County Medical Society*,
   96 Ariz. 240 (1964) .......................................................................................27

*Briggs v. Eden Council for Hope & Opportunity*,
   19 Cal.4th 1106 (1999) .................................................................................21

*Britts v. Superior Court*,
   145 Cal.App.4th 1112 (2006) ........................................................................20

*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*,
   448 F.Supp.2d 1172 (C.D.Cal 2006) .............................................................16

*Chavez v. Mendoza*,
   94 Cal.App.4th 1083 (2001) ..........................................................................18

*City of Cotati v. Cashman*,
   29 Cal.4th 69 (2002) ......................................................................................16

*Civil Rights Cases*,
   109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835..............................................................34

*Curran v. Mount Diablo Council of the Boy Scouts*,
   17 Cal. 4th 670, 952 P.2d 218 (1998) ............................................................33

Freeman Mathis
& Gary, LLP
Attorneys at Law

MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION

*Damon v. Ocean Hills Journalism Club,*
  85 Cal.App.4th 468 (2000) .................................................................22

*Della Penna v. Toyota Motor Sales, USA, Inc.,*
  11 Cal.4th 376 (1995) ........................................................................37

*Edwards v. Centex Real Estate Corp.,*
  53 Cal.App.4th 15 (1997) ..................................................................30

*Eldridge v. Tymshare, Inc.,*
  186 Cal.App.3d 767 (1986)................................................................25

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.,*
  63 F.Supp.2d 1127 (N.D.Cal. 1999) .................................................16

*Hagberg v. Cal. Fed Bank,*
  32 Cal.4th 350 (2004) ........................................................................29

*Home Ins. Co. v. Zurich Ins. Co..,*
  96 Cal.App.4th 17 (2002) ..................................................................30

*Kashian v. Harriman,*
  98 Cal.App.4th 892 (2002) ................................................................29

*Lambden v. LaJolla Shores Clubdominium Homeowners Association,*
  21 Cal.4th 249 (1999) ........................................................................25

*Levanthal v. Vista Unified School Dist.,*
  973 F.Supp. 951 (S.D.Cal. 1997).......................................................22

*Mobile Med. Services for Physicians & Advanced Practice Nurses, Inc. v. Rajaram,*
  241 Cal.App.4th 164 (2015) ..............................................................20

*Navellier v. Sletten,*
  29 Cal.4th 82 (2002) ....................................................................17, 18

*New Net, Inc. v. Lavasoft,*
  356 F.Supp.2d 1090 (C.D.Cal. 2004) ................................................16

Freeman Mathis
& Gary, LLP
Attorneys at Law

4

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

*Nia v. Bank of America*,
   60 F.Supp.3d 894 (S.D.Cal. 2022) ...................................................................32

*Okorie v. Los Angeles Unified School Dist.*,
   14 Cal.App.5th 574 (2017) .............................................................................17

*Oren Royal Oaks Venture v. Greenberg, Bernhard Weiss & Karma, Inc.*,
   42 Cal.3d 1157 (1986) ....................................................................................29

*Pinsker v. Pacific Coast Society of Orthodonitcs*,
   12 Cal.3d 541 (1974) ......................................................................................27

*Republican Nat'l Comm. v. Google, Inc.*,
   No. 222CV01904DJCJBP, 2023 WL 5487311 (E.D. Cal. Aug. 24, 2023).........35

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*,
   2 Cal.5th 505 (2017) .......................................................................................36

*Royer v. Steinberg*,
   90 Cal.App.3d 490 (1979)...............................................................................31

*Rusheen v. Cohen*,
   37 Cal.4th 1048 (2006) ...................................................................................29

*Sacramento Brewing Company v. Desmond, Miller & Desmond*,
   75 Cal.App.4th 1082 (1999) ...........................................................................30

*Salma v. Capon*,
   (2008) 161 Cal.App.4th 1275 .........................................................................20

*Schaffer v. City & County of San Francisco*,
   168 Cal.App.4th 992 (2008) ...........................................................................19

*Schroeder v. Irvine City Council*,
   97 Cal.App.4th 174 fn. 3 (2002) .....................................................................23

*Shekhter v. Financial Indem. Co.*,
   89 Cal.App.4th 141 (2001) .............................................................................19

*Silberg v. Anderson*,
   50 Cal.3d 205 (1990) .................................................................................28, 29

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

*Simmons v. Allstate Ins. Co.*,
  92 Cal.App.4th 1068 (2001) ........................................................................ 19

*Soukup v. Law Offices of Herbert Hafif*,
  39 Cal.4th 260 (2006) ................................................................................. 19

*Sweetwater Union High School Dist. v. Gilbane Building Co.*,
  6 Cal.5th 931 (2019) ................................................................................... 18

*Turner v. Ass'n of Am. Med. Colleges*,
  167 Cal. App. 4th 1401 ............................................................................... 36

*Vergos v. McNeal*,
  146 Cal.App.4th 1387 (2007) .............................................................. 15, 21

*Warfield v. Peninsula Golf & Country Club*,
  10 Cal. 4th 594, 896 P.2d 776 (1995) ............................................ 32, 33, 34

*Westlake Community Hosp. v. Superior Court*,
  17 Cal.3d 465 (1976) .................................................................................. 27

*White v. Square, Inc.*,
  7 Cal.5th 1019 (2019) ................................................................................. 32

*Wilson v. Cable News Network, Inc.*,
  7 Cal. 5th 871 (2019) ...................................................................... 15, 16, 19

Statutes

Civil Code § 47(b) ........................................................................................ 28

Civil Code § 47(b)(2) .................................................................................... 25

Civil Code § 51 ...................................................................................... 33, 34

Code of Civil Procedure § 425.16 .......................................................... passim

Code of Civil Procedure § 425.16(a) ............................................................. 15

Code of Civil Procedure § 425.16(b) ............................................................. 18

Code of Civil Procedure § 425.16(c) ............................................................. 20

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

Code of Civil Procedure § 425.16(e)...................................................................17, 19

Code of Civil Procedure § 425.16(e)(1) and (2).........................................................21

Code of Civil Procedure § 425.16(e)(1)-(4) .................................................................9

Code of Civil Procedure § 425.16(g) ..........................................................................20

Corporations Code § 7231 ...........................................................................................24

Corporations Code § 7341 .....................................................................................23, 25

Rules

Federal Rule of Civil Procedure 12(b)(6).....................................................................18

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL**
**MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit arises out of Defendants Consumer Attorneys Association of Los Angeles and its Board of Directors' decision to terminate Plaintiff Neal S. Zaslavsky's membership arising out of the aftermath of a May 15, 2023, list serve exchange between Plaintiff and the non-CAALA Board Member Defendants, Keith Allen and Stephen Mashney regarding the Israeli-Palestinian conflict.   In reviewing the exchange on CAALA's Political List Serve, CAALA suspended Plaintiff and Keith Allen from the list serve for 30 days for violation of the list serve policies.  Mr. Mashney was issued a written warning.

Defendant Moore, as CAALA's Executive Director advised Plaintiff of his suspension via e-mail.   In response, Plaintiff sent a vitriolic and disgraceful response to Ms. Moore threatening her physically and well as threatening litigation against CAALA.  In light of Plaintiff's letter, CAALA advised Plaintiff that the Board would be considering termination of his membership for violating CAALA By-Laws.  Plaintiff was given notice of the meeting and an opportunity to be heard consistent with the By-Laws.  Following the hearing, CAALA's Board voted to terminate Plaintiff's membership effective June 15, 2023.  As promised by Plaintiff, this lawsuit followed.

By this motion, Defendants CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ., ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., and KWEDI MOORE (hereinafter referred to collectively as the "CAALA DEFENDANTS") move this Court, pursuant to California Code of Civil Procedure section 425.16, for an order striking Plaintiff's Second, Third, Sixth and Seventh Causes of Action on the grounds that the conduct alleged is protected activity as defined under Code of Civil Procedure section 425.16,

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

subdivision (e)(1)-(4), and Plaintiff will not be able to demonstrate a probability of prevailing on the merits of these claims as more fully set forth herein.

## II.     STATEMENT OF FACTS

### A.     Overview of CAALA and the List Serve Policy

Defendant Consumer Attorneys Association of Los Angeles is a 501(c)(6) nonprofit Mutual Benefit Trade Association with over 4,400 members overseen and operated by an Executive Director and Board of Governors.  (Moore Decl., ¶ 3.)

Membership is limited to plaintiff attorneys, their legal staff, law students, and affiliates such as mediators and vendors who provide goods and services to plaintiff trial attorneys.  (*Id.* at ¶ 4.)  Attorney members must be in good standing with the State Bar of California.  (By-Laws, Exh. 1; Moore Decl., ¶ 3, 4.)

One of the many benefits CAALA provides to its members is access to several list serves such as Work Product, Life, Politics, New Lawyer, Women, and Legal Staff.  (Moore Decl., ¶ 5.)  Access to the list serves is limited to active members who have reviewed and agreed to abide by the List Serve Rules and Joint Prosecution/Confidentiality Agreement (Moore Decl., ¶ 5.)   This rules section of this Agreement provides, in relevant part:

> PROHIBITED CONDUCT:   Offensive, obscene, racist, sexist, inflammatory, libelous, threatening, abusive, harassing, pornographic, privacy invading, and/or hateful language is prohibited. Any personal attack on another MEMBER in a message is prohibited.

(List Serve Agreement, Exh. 2, § 3(b); Moore Decl., ¶ 5.)

Additionally, the List Serve Agreement sets forth sanctions for violating the Agreement.  In this regard, the Agreement states in relevant part:

> d.     CAALA SANCTIONS
>
> i.     TEMPORARY SUSPENSION FOR VIOLATION: If CAALA's Executive Director, in his or her unlimited discretion, determines that a MEMBER has failed to comply with or has violated any provision set forth above, the MEMBER consents that the MEMBER shall be immediately and without warning, suspended from the CAALA LIST SERVE for a period of time as determined

Freeman Mathis
& Gary, LLP
Attorneys at Law

9

appropriate by the Executive Director, but in no event to exceed the date of the second scheduled meeting of the Board of Governors

ii.     REVIEW OF SUSPENSION: If the CAALA Executive Director has determined that a MEMBER has failed to comply with or has violated any provision set forth above, the Executive Committee shall review that determination at the next meeting of the Executive Committee. The Executive Committee shall have unlimited discretion to determine whether a CAALA LIST SERVE MEMBER's suspension should be rescinded, should be extended, or whether to add additional sanctions.  The MEMBER has a right to petition the Executive Committee and the BOG for review of any sanctions which shall be decided by a majority vote.

(List Serve Agreement, Exh. 2, § 8(d)(i), (ii); Moore Decl., ¶ 5.)

**B.     CAALA By-Laws and Membership Termination**

CAALA's governing document is the Amended and Restated Bylaws effective September 2021.  The Bylaws demonstrate that CAALA is open to members in good standing with the State Bar of California or any other bar association within in the United States who are engaged in the practice of law as a profession.  (ByLaws, Exh. 1, Art. II, § 2(a); Moore decl., ¶ 3.)  Along these same lines, CAALA is open to "any person regardless of sex, race, religion, or ethnic background, who supports the goals of [CAALA] and is committed to its objectives."  (*Id.* Art. 2.)

Article 2, Section 10, sets forth the basis for termination of one's membership with CAALA.  As pertinent here, the Bylaws provide:

(a)     Basis for Termination. Membership in this corporation shall terminate upon the occurrence of any of the following events or conditions:
…
iv.     Interests of Corporation. On a good faith finding by the Board of Governors, made in accordance with this Section, that continued participation by the member in this corporation as a member is not in the best interests of this corporation and the furtherance of its purposes, such member's membership in this corporation shall terminate.  The best interests of this corporation include the orderly, dignified, and harmonious conduct of its business; the preservation of its reputation, good will, character, and property; and adherence to is governing instruments, and policies and procedures determined by the Board of Governors.

(Bylaws, Exh. 1, Art. 2, § 10(a)(iv); Moore Decl., ¶ 3)

Freeman Mathis & Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

Article 2 goes on to set forth the procedure for terminating a member's membership. CAALA will send notice to the member setting forth the proposal for termination, the reasons for it, the date on which the proposed termination shall become effective, and the date, time, and place (if any) of the hearing. (Bylaws, Exh. 1, Art. 2, § 10(b)(i); Moore Decl., ¶ 3.)  The notice shall be sent at least fifteen days before the date of proposed termination, and at least ten days before the hearing by first-class or registered mail, or e-mail, to the last known address provided by the member.  (*Ibid.*)

The member is then given an opportunity to be heard either orally or in writing, not less than five days before the effective date of the proposed termination.  (Bylaws, Exh. 1, Art. 2, § 10(b)(ii); Moore Decl., ¶ 3.)  The Board of Governors conducts the hearing for terminations under Article 10, subsection (a)(iv).  Following the hearing, the Board of Governors will decide if the member should be terminated.  (*Id.* at § 10(b)(iii).)  The Board's decision is final.  (*Ibid.*)  Notwithstanding a final decision by the Board, the member can seek reinstatement by petitioning the Board.  (Bylaws, Exh. 1, Art. 2, § 10(b)(iv); Moore Decl., ¶ 3.)

## C.    The May 15, 2023, List Serve Discussion

The conduct giving rise to the instant complaint occurred on May 15, 2023. (Moore Decl., ¶ 7, 8.) The discussion began with a comment on Florida Governor Ron DeSantis praising Danny Penny, a former United States Marine, who choked Jordan Neely to death on a New York subway.  Shortly thereafter, it devolved into a rant about the Palestinian-Israeli conflict by Plaintiff and wishing death on Palestinians who attack innocent Israelis and name calling.

Defendant Stephen Mashney, a Palestinian, responded one time only to be called a terrorist by Plaintiff.  Others, such as Defendant Keith Allen, tried to diffuse the situation only to be a further target of Plaintiff's ire going back and forth a few times before the discussion ended.

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

**D.   CAALA Suspends Plaintiff and Defendant Allen From the Listserv**

CAALA's Listserv Committee reviewed the May 15, 2023, e-mail string and determined Plaintiff, Keith Allen and Stephen Mashney should be sanctioned. The Committee reached out to the parties involved and took immediate corrective action suspending Plaintiff and Defendant Allen for 30 days and issuing a warning to Defendant Mashney.  (Notice of Suspension (Allen), Exh. 3; Notice of Written Warning, Exh. 4; Notice of Suspension (Plaintiff), Exh. 5; Moore Decl., ¶ 8.)  On May 16, 2023, the Listserv Chair Tal Rubin circulated an e-mail to all CAALA members regarding the May 15, 2023, exchange and noting the disciplinary actions taken.  Mr. Rubin took this opportunity to reiterate the list serve rules to the membership, specifically the provision regarding prohibited conduct and the fact that the list serves are for discussions that reasonably relate to the practice of law. (May 16, 2023, Rubin E-mail, Exh. 6; Rubin Decl., ¶ 3.)

**E.   Plaintiff Responds to Executive Director Moore Following Receipt of Notice of Suspension**

On May 15, 2023, at 3:29 p.m., Executive Director Moore sent a Notice of Suspension to Plaintiff regarding his comments in the earlier e-mail exchange set forth above.  At 3:51 p.m., Plaintiff responded to Ms. Moore as follows:

Kwedi,

I don't know you, and quite frankly, I don't care to know you.  When Stuart Zanville ran this organization, we didn't coddle Jew-haters and anti-Semites.  You appear to have very different modus operandi.  It is my understanding that your personal beliefs more closely align with the Jew-hating anti-Semites who attacked me, rather than people like me who closely align ourselves with the famous words of the Rev. Dr. Martin Luther King, Jr., who famously equated an anti-Zionism with anti-Semitism.

I am very comfortable being on the same side as Dr. King, and I am never going to back down when a Jew-hating, terrorist-supporting anti-Semite attacks me, Israel, or the Jewish people. Shame on you for supporting such disgusting behavior.

And you had **better** have issued a far more severe "punishment" to both Keith Allen and Stephen Mashney, who made several "inflammatory,         libelous,         threatening,         abusive, harassing,…and…hateful…personal attack[s] on" me.  If I find out differently…and I will find out…be prepared for prompt and swift

12

Freeman Mathis
& Gary, LLP
Attorneys at Law

legal action. I don't take lightly your libelous statements about me which you have published to multiple third parties. **By this e-mail, I am putting you on notice of potential litigation and direct you to preserve ALL of your communications – including but not limited to e-mails and facsimiles – related to this matter**.

Govern yourself accordingly.

(May 15, 2023, Zaslavsky E-mail, Exh. 7; Moore Decl., ¶ 9.) (Emphasis in original.)

President Minh Nguyen, who was copied on Plaintiff's response, responded as follows:

Neal:

Your e-mail to Kwedi Moore is out-of-line.  Moreover, your threats are not well-taken.

The decision to suspend you was made by the Listserve Committee, a group of your fellow colleagues who volunteered to run the organization. Staff does not make decisions about suspensions but carry out the will of the organization.

I trust your email to Kwedi was made in passion.  When you calm down, I expect an apology from you to Kwedi.  You are displacing your anger to Kwedi. You are completely in the wrong and better than this.

If you want to discuss, you may call me. My cell is (xxx) xxx-xxxx.

(May 15, 2023, E-mail, Exh. 8; Nguyen Decl., ¶ 5.)

Plaintiff responded to Mr. Nguyen and was unapologetic, reiterating his threat of litigation against the Association.  (May 15. 2023 E-mail, Exh. 9; Nguyen Decl., ¶ 5.) :

**F.    CAALA Board of Governors' Proposed Termination of Plaintiff's Membership**

On June 5, 2023, CAALA's Executive Committee convened for an emergency meeting to discuss two pressing issues, including the termination of Plaintiff's membership.  Following this meeting, CAALA provided notice to Plaintiff via e-mail that the Executive Committee was proposing the Plaintiff's membership be terminated, the reason for the termination, and the date and time of

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

the hearing where the Board of Governors would vote as specified in the Bylaws. (June 5, 2023, Hearing Notice E-mail, Exh. 10; Abir Decl., ¶ 4.)

Plaintiff submitted his written response to the Hearing Notice, and he appeared via Zoom at the June 15, 2023, Board of Governors meeting. (Plaintiff Response, Exh. 11.) Plaintiff was given about 5 minutes to present his case and then he spent another 50 minutes or so fielding questions from various board members. (Trepinski Decl., ¶ 6.) Following the hearing, the Board convened in Executive Session to vote. The vote was 41-2 for termination effective June 20, 2023, with Defendants Ramey and Abir not participating in the discussion or vote.[1] (Board Minutes, Exh. 12.)

This lawsuit followed.

## III. LEGAL ARGUMENT

## A. SLAPP Motions in General and in Federal Court

The California Legislature passed the Anti-SLAPP statute, Code of Civil Procedure ("CCP") § 425.16, "to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 883–84 (2019) (citing Code of Civil Procedure § 425.16(a).) To accomplish its task, the anti-SLAPP statute allows defendants to request early judicial screening of legal claims targeting free speech or petitioning activities. (*Id.*, at 880.) Such a motion is thus appropriate where a plaintiff's claims arise from protected activity, notwithstanding any allegations of improper or invidious motives. (*Id.*, at 881.) (["for anti-SLAPP purposes, discrimination and retaliation claims arise from the adverse actions allegedly taken, notwithstanding the plaintiff's allegation that the actions were taken for an improper purpose"].) The anti-SLAPP statute is to be

---

[1] The June 15, 2023, Board meeting was via Zoom. Governors Ramey and Abir were not in the breakout room for the executive session and did not participate in the voting. Additionally, 7 members who were present for the vote did not vote. (Aarons Decl., ¶ 7.)

Freeman Mathis & Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

construed broadly to effectuate its purposes. (*Vergos v. McNeal*, 146 Cal.App.4th 1387, 1395 (2007).)

Federal courts do permit anti-SLAPP motions pursuant to Code of Civil Procedure section 425.16 for pendent state law claims brought in federal court. (*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D.Cal 2006); *New Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1099-1100 (C.D.Cal. 2004). However, the anti-SLAPP statute does not apply to federal claims. (*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1130 (N.D.Cal. 1999).)

Defendants filing an anti-SLAPP motion have the initial burden of showing the complaint challenges activity protected under the statute. (*Wilson*, 7 Cal.5th at 887; *City of Cotati v. Cashman*, 29 Cal.4th 69, 78 (2002).) Defendants satisfy their burden by demonstrating that the conduct by which plaintiff claims to be injured falls within one of the four categories of activity described in Code of Civil Procedure § 425.16(e): (1) written or oral statements made before a legislative, executive or judicial proceeding, or any other proceeding authorized by law; (2) written or oral statements made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) written or oral statements made in a public forum in connection with an issue of public interest; and (4) any other conduct in furtherance of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. (Code Civ. Proc. § 425.16(e).) The "critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Navellier v. Sletten*, 29 Cal.4th 82, 89 (2002) (emphasis in original).) Defendant's burden under the anti-SLAPP statute is not an onerous one. (*Okorie v. Los Angeles Unified School Dist.*, 14 Cal.App.5th 574, 590 (2017).)

Once the defendant satisfies its threshold burden, the burden shifts to the

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

plaintiff to produce admissible evidence establishing a probability that it will prevail on the merits of its claims. (Code Civ. Proc. § 425.16(b); *Sweetwater Union High School Dist. v. Gilbane Building Co.*, 6 Cal.5th 931, 947 (2019); *Chavez v. Mendoza*, 94 Cal.App.4th 1083, 1087 (2001).)  In ruling on a SLAPP motion, a federal court uses the framework for a Federal Rule of Civil Procedure 12(b)(6) motion to determine whether Plaintiff has satisfied the second prong of the anti-SLAPP analysis (i.e., whether plaintiff had demonstrated a probability of prevailing on the merits of his state law claims).

To establish a probability of success on the merits, the plaintiff must demonstrate its claims are both legally viable and supported by a *prima facie* showing of facts sufficient to support a favorable judgment if the evidence submitted by plaintiff is credited. (*Navellier*, 29 Cal.4th at 89, 93; *Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 291 (2006).)  If the plaintiff cannot meet his burden, the court must strike all defective claims. (*Wilson*, 7 Cal.5th at 884; *Shekhter v. Financial Indem. Co.*, 89 Cal.App.4th 141, 150 (2001) (pursuant to an anti-SLAPP motion, all or a portion of claims may be stricken from a complaint); *see also Baral v. Schnitt,* 1 Cal.5th 376, 395 (2016) [SLAPP motion can be used to strike allegations of protected activity even if it does not dispose of an entire cause of action].)

Upon concluding that a claim should be stricken under the anti-SLAPP statute, courts are precluded from granting plaintiff leave to amend its complaint, as doing so would undermine the statute by providing them with a ready escape from anti-SLAPP's quick dismissal remedy. (*Simmons v. Allstate Ins. Co.*, 92 Cal.App.4th 1068, 1073 (2001); *Schaffer v. City & County of San Francisco*, 168 Cal.App.4th 992, 1005 (2008); *Mobile Med. Services for Physicians & Advanced Practice Nurses, Inc. v. Rajaram,* 241 Cal.App.4th 164, 171 (2015).)[2]

---

[2] Nor can Plaintiff amend its complaint before the hearing on the defendant's anti-SLAPP motion. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1280.)

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

Pursuant to Code of Civil Procedure § 425.16(g), upon filing notice of an anti-SLAPP Motion, all discovery proceedings are automatically stayed; absent an order from the Court, the discovery stay remains in effect until notice of entry of an order resolving the motion.  (Code Civ. Proc. § 425.16(g); *Britts v. Superior Court*, 145 Cal.App.4th 1112, 1129 (2006).)  Defendant who prevails on its anti-SLAPP Motions "shall" be entitled to recover their attorneys' fees and costs. (Code Civ. Proc. § 425.16(c).)

**B.    Plaintiffs' Second, Third, Sixth and Seventh Claims are Based upon Protected Activity under California's SLAPP Statute**

The very actions Plaintiff challenges in the Complaint as it relates to the CAALA Defendants constitute protected activity under Code of Civil Procedure § 425.16, as they are written or oral statements "made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" and/or  "made in connection with an issue under consideration or review by . . . [an] official proceeding authorized by law" (Civ. Proc. Code § 425.16(e)(1) and (2).) The purpose of these subsections is to:

> [S]afeguard free speech and petition conduct aimed at advancing self-government as well as conduct aimed at more mundane pursuits.  Under the plain terms of the statute it is the context or setting itself that makes the issue a public issue: all that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding.

(*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1116 (1999).)

Subsection (e)(2) does not require the defendant to show a public issue or issue of public interest.  (*Vergos*, 146 Cal.App.4th at 1395.)   Likewise, the challenged conduct falls under subdivision (e)(3) since the Board of Governors meeting where the issue of Plaintiff's termination would be discussed was open to any member of CAALA.  (*See, e.g, Levanthal v. Vista Unified School Dist.*, 973

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

F.Supp. 951, 957 (S.D.Cal. 1997) ["open board meetings are limited public fora open to the public in general where comments relate to school board's subject matter"], quoting *Baca v. Moreno Valley Unified School Dist.*, 936 F.Supp. 719, 729 (C.D.Cal. 1996); *see also Damon v. Ocean Hills Journalism Club*, 85 Cal.App.4th 468, 476 (2000).)

Here, Plaintiff's claims arise from the CAALA defendants' actions taken collectively as a Board in response to Plaintiff's May 15, 2023, communication to Executive Director Kwedi Moore after communicating to Plaintiff his 30-day suspension.   (Complaint, Exh. 13, ¶¶ 49-66.) Primarily, Plaintiff's complaint focuses on The Board providing Plaintiff with notice and opportunity to be heard regarding   the   proposed   termination   of   his   membership.     (*Ibid.*) These communications, and those leading up to the proposal to terminate his membership, are all related to "an official proceeding authorized by law," to wit, termination of a member pursuant to the Bylaws and Corporations Code section 7341.   Furthermore, any discussion at the open Board of Governors meeting concerning Plaintiff's termination, also authorized by law, is protected activity under Section 425.16.

CAALA and the Board Member Defendants' conduct in addressing this issue was all done in connection with an official proceeding authorized by law (California's Nonprofit Mutual Benefit Corporation statutes and CAALA Bylaws, which model Corporations Code section 7341).   The votes cast by the Board members during this process are the quintessential example of free speech protected by Code of Civil Procedure section 425.16.   (*See Schroeder v. Irvine City Council*, 97 Cal.App.4th 174, 183 fn. 3 (2002).)

The conduct alleged clearly falls within the scope of California Code of Civil Procedure section 425.16 subdivision (e).

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

**C.  Plaintiff Cannot Establish a Probability of Prevailing on the Merits of Any of his State Law Claims**

**1.  All Claims Against the Individual CAALA Board Members are Barred by the Business Judgment Rule**

Corporations Code section 7231 sets forth the business judgment rule for directors of a nonprofit mutual benefit corporation.  Section 7231 provides:

> (a)   A director shall perform the duties of a director, including duties as a member of any committee of the board upon which the director may serve, in good faith, in a manner such director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances.

> (b)   In performing the duties of a director, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by:

> (1) One or more officers or employees of the corporation whom the director believes to be reliable and competent in the matters presented;

> (2) Counsel, independent accountants or other persons as to matters which the director believes to be within such person's professional or expert competence; or

> (3)   A committee upon which the director does not serve that is composed exclusively of any or any combination of directors, persons described in paragraph (1), or persons described in paragraph (2), as to matters within the committee's designated authority, which committee the director believes to merit confidence, so long as, in any case, the director acts in good faith, after reasonable inquiry when the need therefor is indicated by the circumstances and without knowledge that would cause such reliance to be unwarranted.

> (c)   A person who performs the duties of a director in accordance with subdivisions (a) and (b) shall have no liability based upon any alleged failure to discharge the person's obligations as a director, including, without limiting the generality of the foregoing, any actions or omissions which exceed or defeat a public or charitable purpose to which assets held by a corporation are dedicated.

The statutory business judgment rule creates a rebuttable presumption that the directors' decision is based upon sound judgment and can only be overcome by a factual showing of fraud, bad faith or overreaching.  (*Eldridge v. Tymshare, Inc.*, 186 Cal.App.3d 767, 776 (1986).) The purpose behind the business judgment

Freeman Mathis
& Gary, LLP
Attorneys at Law

19

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

rule is to give deference to an association Board's authority and presumed expertise on matters the affairs of the association. (*See Lambden v. LaJolla Shores Clubdominium Homeowners Association*, 21 Cal.4th 249, 264 (1999).)

There are no facts to demonstrate that the individual CAALA Board member defendants committed fraud, overreached or committed bad faith in terminating Plaintiff's membership. The individual Board member Defendants here performed their proscribed duties in terminating Plaintiff's membership pursuant to the procedures set forth in the CAALA Bylaws. Those Bylaws, in turn, are modeled (and actually verbatim) after Corporations Code section 7341. (*Compare* Corp. Code § 7341 with CAALA Bylaws, Article 2, §§ 9-10; *see also* § 15(a)(iii).)

To give context of that basis for the proposal to terminate Plaintiff, the Board was provided the May 15, 2023 e-mail string, Executive Director Moore's May 15, 2023 e-mail to Plaintiff regarding his suspension from CAALA-POL list serve, Plaintiff's response to Ms. Moore's e-mail, President Minh Nguyen's May 15, 2023 e-mail to Plaintiff, Plaintiff's May 15, 2023 response to Mr. Nguyen's e-mail, Plaintiff's May 17, 2023 e-mail to Ms. Moore, and the June 5, 2023 e-mail from Daniel Abir to Plaintiff notifying Plaintiff of the hearing on his termination. (Board Packet, Exh. 11.) The Board also considered Plaintiff's written response to the Notice of Termination and Plaintiff's responses to questions from Board members during the June 15, 2023, hearing conducted via Zoom. (*See* Aarons Decl., ¶ 5, 6; Hernandez Decl., ¶ 6, 8; Seck Decl., ¶ 5, 6; Trepinski Decl., ¶ 5, 6.)

With this information, the Board convened to an Executive Session in a separate breakout room and voted on Plaintiff's termination. Notably, Directors Christa Ramey and Daniel Abir excused themselves and were not in the breakout room when the Board voted on Plaintiff's termination. (Abir Decl., ¶ 4, 5; Ramey Decl., ¶ 6, 7.) Once the Board had voted on the proposed termination, Mr. Abir and Ms. Ramey were invited back to the Executive Session. (Abir Decl., ¶ 4, 5;

20

Freeman Mathis
& Gary, LLP
Attorneys at Law

Ramey Decl., ¶ 7.)  While they were present when the Board voted to exclude Plaintiff from any future CAALA events due to safety concerns, they did not vote or participate in the discussion.  (Abir Decl., ¶ 5; Ramey Decl., ¶ 7.)  The Board vote was overwhelmingly in favor of termination and exclusion from future CAALA events.  (Aarons Decl., ¶ 7.)

There are no facts alleged, nor can there be, to demonstrate the individual directors acted with any fraudulent intent, bad faith, or overreaching. Consequently, the business judgment rule bars Plaintiff's state law claims against the individual directors and the motion should be granted.

### 2. The State Claims are Barred as to all Defendants Because Plaintiff Failed to Exhaust his Administrative Remedies

Under the fair practices doctrine, a private association may not expel a member without notice of the charge and an opportunity to be heard.  (*Pinsker v. Pacific Coast Society of Orthodonitcs*, 12 Cal.3d 541, 561 (1974) ("*Pinsker II*").) If notice and opportunity to be heard has been provided, any involvement by the Courts ends.  (*Id.* at 558 citing *Blende v. Maricopa County Medical Society*, 96 Ariz. 240 (1964).) Furthermore, Plaintiff must exhaust his administrative remedies regarding his termination before resorting to the Courts for assistance.  (*Westlake Community Hosp. v. Superior Court*, 17 Cal.3d 465 (1976).)

In the present matter, CAALA and the individual Board member defendants properly gave notice to Plaintiff of his proposed termination, the reasons therefore, and gave him an opportunity to respond to the charges and appear at the hearing to give his side of the story as required by the Bylaws. (Aarons Decl., ¶ 6.)  Nothing more is required.  Plaintiff has not alleged any facts to assert a plausible claim against the CAALA defendants regarding the decision to terminate his membership.

Moreover, Plaintiff has not exhausted his administrative remedies under the Bylaws.   Following termination, a member can petition the Board for

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

reinstatement. (Bylaws, Exh. 1, Art. 2, § 10; Moore Decl., ¶ 3.) However, plaintiff has not done so. (Hernandez Decl., ¶ 10.) Consequently, this Court lacks jurisdiction to entertain his state law claims and the motion should be granted.

### 3. The Claims are Barred by the Litigation Privilege

California Civil Code section 47, subdivision (b) immunizes the CAALA defendants from any liability arising out of the decision to terminate Plaintiff's membership. Section 47, "[A]pplies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. (*Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990); Cal Civ. Code § 47(b.).) Section 47(b) establishes an absolute privilege for such statements, and bars all tort causes of action based on them except for malicious prosecution. (*Hagberg v. Cal. Fed Bank*, 32 Cal.4th 350, 360 (2004).) Thus, "[t]he privileges of Civil Code section 47, unlike evidentiary privileges which function by the exclusion of evidence…operate as limitations upon liability." (*Oren Royal Oaks Venture v. Greenberg, Bernhard Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1168 (1986).)

Notably, the privilege is absolute in nature, applying "to all publications, irrespective of their maliciousness." (*Silberg*, *supra*, 50 Cal.3d at 215-216; *see also Kashian v. Harriman*, 98 Cal.App.4th 892, 913 (2002) [noting the privilege applies "regardless [of] whether the communication was made with malice or the intent to harm."]) The privilege extends to noncommunicative acts so long as the gravamen of the action is communicative acts. (*Rusheen v. Cohen*, 37 Cal.4th 1048 (2006).) Any doubt about whether the privilege applies is resolved in favor of applying it. (*Kashian*, *supra*, 98 Cal.App.4th at 913.)

Furthermore, the litigation privilege applies to pre-litigation communications that are logically related or connected a judicial proceeding or litigation that is contemplated in good faith and under serious consideration. (*See*,

Freeman Mathis
& Gary, LLP
Attorneys at Law

22

*e.g.*, *Sacramento Brewing Company v. Desmond, Miller & Desmond*, 75 Cal.App.4th 1082, 1089 (1999) ["the privilege should be denied only where it is so palpably irrelevant to the subject matter of the action that no reasonable person can doubt its irrelevancy."]; *see also Home Ins. Co. v. Zurich Ins. Co..*, 96 Cal.App.4th 17, 24 (2002), citing *Edwards v. Centex Real Estate Corp.*, 53 Cal.App.4th 15 (1997).  "It is the subject matter or context of the statement, not the statement itself, which must control whether a communication has 'some connection or logical relation to the action.'" (*Id.* at 189-1090, citing *Silberg*, *supra*, 50 Cal.3d at 212.)

The present lawsuit is based entirely on the communications from Plaintiff regarding his suspension, his response to the same, and the Board's deliberations and communications regarding the outcome of the vote at the board's June 15, 2023, meeting, which is a quasi-judicial meeting under Civil Code section 47(b)(2). (*See, e.g.*, *Royer v. Steinberg*, 90 Cal.App.3d 490, 503 (1979).)  Plaintiff made it perfectly clear to Defendants Moore and Nguyen that if the others involved in the list serve e-mail string did not receive worse suspensions, he would sue.  (May 15, 2023, Zaslavsky E-mail, Exh. 8; Moore Decl., ¶ 9; May 15, 2023, Email to Nguyen, Exh. 10; Nguyen Decl., ¶ 5.)  The two others involved – Defendant Allen and Mashney – received the same or lesser punishments for their part in the e-mail string.  (Notice of Suspension, Exh. 4; Notice of Suspension, Exh. 5; Moore Decl., ¶ 8.) True to his word, Plaintiff brought the present lawsuit.

These communications are logically related, and form the basis of, the present lawsuit.  As such, the litigation applies and bars plaintiff's state law claims.

### 4. Plaintiff's Second and Third Causes of Action for Violation of California Unruh Act Fail as Plaintiff was Not Denied Access Nor Blacklisted for Discriminatory Reasons

The purpose behind California's Unruh Civil Rights Act is to deter discriminatory practices by businesses.  (*White v. Square, Inc.*, 7 Cal.5th 1019,

Freeman Mathis
& Gary, LLP
Attorneys at Law

MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION

1025 (2019).)  The California Supreme Court noted, "the Act stands as a bulwark protecting each person's inherent right to 'full and equal' access to 'all business establishments.'" (*Id.* at 1025.)  To establish a claim under the Unruh Act (for both sections 51 and 51.5), plaintiff must allege: (1) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (2) that substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (3) the plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff's harm.  (*Nia v. Bank of America*, 60 F.Supp.3d 894, 906 (S.D.Cal. 2022).)

### a.  CAALA is Not a Business Establishment under the Unruh Act

California courts are clear that clubs are not typically business establishments within the purview of the Act. "A truly private social club generally would not constitute a 'business establishment' within the meaning of section 51." *Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 599, 896 P.2d 776, 778 (1995); *Curran v. Mount Diablo Council of the Boy Scouts*, 17 Cal. 4th 670, 673, 952 P.2d 218, 220 (1998) (Boy Scouts do not fall into category of "business establishments" within the meaning of the Unruh Civil Rights Act).

In *Warfield*, the court noted that in debating the original 1959 iteration of Civil Code section 51, the California Legislature had proposed extending anti-discrimination provisions to private groups. The initial draft contained language extending such protection to "membership, and privileges in, or accorded by, all public or private groups, organizations, associations," (Assem. Bill No. 594 (1959 Reg. Sess.), as introduced Jan. 21, 1959.  In the course of the bill's passage, that language was removed and replaced, making anti-discrimination protection applicable broadly "all business establishments of every kind whatsoever," but excluding private groups. *Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 608, 896 P.2d 776, 784 (1995), citing (Stats.1959, ch. 1866, § 1, p. 4424).  Thus, the courts have determined that the California Legislature had considered

Freeman Mathis
& Gary, LLP
Attorneys at Law

24

and declined to extend section 51 protections to membership decisions made by private clubs. This result is consistent with the congressional debates that resulted in the adoption of the Fourteenth Amendment to the United States Constitution and the original federal Civil Rights Acts, as "the drafters of those enactments drew a clear distinction between an individual's "civil rights" and his or her "social rights," viewing the right of nondiscriminatory access to places of public accommodation as a fundamental civil right but, at the same time, acknowledging that such protection against discrimination did not extend to access to another person's home or private club or, in general, to "social relations." *Id*., at 616, citing to *Bell v. Maryland* (1964) 78 U.S. 226, 293, 84 S.Ct. 1814, 1851, 12 L.Ed.2d 822 (conc. opn. of Goldberg, J.); *Civil Rights Cases*, 109 U.S. 3, 59–60, 3 S.Ct. 18, 55–56, 27 L.Ed. 835 (dis. opn. of Harlan, J.) (1883).

Consequently, as a private non-profit organization with rules of self-governance, by-laws, a Board of Governors, and a membership that is restricted to a defined segment of the profession, CAALA fits the definition of a "private club" of the sort the Legislature of California exempted from Civil Code section 51.

### b. Plaintiff's Religion was not a Substantial Motivating Factor in Terminating his Membership

Here, Plaintiff cannot establish that a substantial motivating reason behind CAALA's terminating his membership was because Plaintiff is Jewish or has a pro-Israeli political ideology.  Regardless, political beliefs or affiliations are not a protected classification as defined in Civil Code section 51. *Republican Nat'l Comm. v. Google, Inc*., No. 222CV01904DJCJBP, 2023 WL 5487311, at *14 (E.D. Cal. Aug. 24, 2023).

First, and most important, is the fact that Plaintiff cannot escape the consequences of his actions in sending his threatening May 15, 2023, e-mail to Defendant Moore as a knee jerk reaction to his suspension.  This threatening conduct has no place in CAALA, and it is not in the organization's best interests

Freeman Mathis
& Gary, LLP
Attorneys at Law

to continue with his membership.   (Nguyen Decl., ¶ 6.) That is why his membership was terminated.   It had absolutely nothing to do with him being Jewish. (*Ibid.*; Aarons Decl., ¶ 6; Hernandez Decl., ¶ 9; Seck Decl., ¶ 6; Trepinski Decl., ¶ 6.)

Finally, CAALA followed its Bylaws to the letter by properly giving Plaintiff notice and an opportunity to be heard prior to coming to a decision to terminate his membership.   (Hernandez Decl., ¶ 6.)   Had any other member exhibited the same conduct, that member would have undergone the same procedure and result, regardless of race, religion, national origin, or any other protected class.  (*See*, *e.g.*, Aarons Decl., ¶ 3; *see also Turner v. Ass'n of Am. Med. Colleges*, 167 Cal. App. 4th 1401, 1408, as modified on denial of reh'g (Nov. 25, 2008) [holding that the Unruh Act does not extend to practices and policies that apply equally to all persons.])

Having failed to demonstrate CAALA's termination of Plaintiff's membership was substantially motivated by Plaintiff's religion or national origin, Plaintiff's Unruh Civil Rights claims – Second and Third Causes of Action – fail as a matter of law.

### 5.   Plaintiff's Sixth and Seventh Causes of Action for Intentional and Negligent Interference with Prospective Economic Advantage Against the Individual CAALA Defendants Fail as a Matter of Law

To establish a claim for intentional or negligent interference with prospective economic advantage, Plaintiff must prove: (i) an economic relationship with third parties that the individual CAALA defendants were aware of; (ii) that participating in a vote to terminate Plaintiff's membership was intended to disrupt such speculative third-party relationships; and (iii) that these Defendants' conduct actually disrupted them.  (*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal.5th 505, 512 (2017); *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal.4th 376, 392-393 (1995).)

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

In interpreting these elements, the California Supreme Court held that plaintiff must demonstrate that each of the individual CAALA defendants' alleged interference was "wrongful by some measure beyond the fact of the interference itself." (*Della Penna*, *supra*, 11 Cal.4th at 393.)  Furthermore, "[w]here the third-party relationship is too attenuated or the probability of economic benefit [is] too speculative," the claim fails.  (*Blank v. Kirwan*, 39 Cal.3d 311, 330.)

In the present matter, the complaint is woefully inadequate to satisfy any of the necessary elements to these claims.  There is not a single third-party economic relationship identified that any of the CAALA defendants were aware of, much less that they intended to terminate Plaintiff's membership as a means to disrupt these hypothetical third-party relationships.  Moreover, Plaintiff has not alleged any independent conduct beyond the termination of his membership to demonstrate the individual CAALA defendants interfered with any economic relationship that Plaintiff had, or may have, with third parties. Absent such evidence, the claims fail as a matter of law.

**D.    Alternatively, the Court Should Strike the Allegations Involving Protected Activity**

The anti-SLAPP statute does not require the Court to strike an entire cause of action. Rather, the Court may strike allegations of protected activity even without defeating a cause of action.  (*See Baral v. Schnitt*, 3 Cal.5th 376, 396 (2016).)

Here, the offending allegations are set forth in Paragraphs 33, 34, 35, 40, 41, 42, 44, 45, 46, and 49-66.  (Complaint, Exh. 13.)  These allegations center on protected speech as more fully set forth above and fall squarely within the confines of Code of Civil Procedure section 425.16, subdivision (e). Given that Plaintiff cannot establish a probability of prevailing on the merits of his claims as set for the above, the Court should strike these allegations.

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

## IV.   CONCLUSION

For the reasons set forth herein, the Court should grant the CAALA defendants' special motion to strike Plaintiff's Second, Third, Sixth and Seventh Causes of Action pursuant to California Code of Civil Procedure section 425.16.

Dated: September 7, 2023                    **FREEMAN MATHIS & GARY, LLP**

By:
                        */s/ William A. Muñoz*
                        William A. Muñoz
                        *Attorneys for Defendants*
                        DEFENDANTS CONSUMER
                        ATTORNEYS ASSOCIATION OF
                        LOS ANGELES, MINH TRI
                        NGUYEN, ESQ., IBIERE SECK,
                        ESQ., MARTIN ISAAC AARONS,
                        ESQ., ELIZABETH ANNE
                        HERNANDEZ, ESQ., CHRISTA
                        HAGGAI RAMEY, ESQ., DANNY
                        ABIR, ESQ., KATHRYN MARIE
                        TREPINSKI, ESQ., KWEDI
                        MOORE

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL
MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**

Freeman Mathis
& Gary, LLP
Attorneys at Law

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the CAALA Defendants, certifies that this brief contains 6,485 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 7, 2023

FREEMAN MATHIS & GARY, LLP

By: _/s/ William Munoz_

William Munoz

Attorneys for Defendants, CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ.,ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., KWEDI MOORE

Freeman Mathis & Gary, LLP
Attorneys at Law

MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION

## **CERTIFICATE OF SERVICE**

I declare that I am employed in the County of Placer, State of California.  I am over the age of eighteen years at the time of service and not a party to the within cause.  My employment address is 1013 Galleria Boulevard, Suite 250, Roseville, CA 95678 and my electronic service address is holly.mills@fmglaw.com.

On September 7, 2023, I served copies of the attached document(s) entitled:

**DEFENDANTS CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH T. NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ., ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ.,DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., AND KWEDI MOORE'S MEMORANDUMM OF POINTS AND AUTHORTITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE SECON, THIRD SIXTH ANDSEVENTH CAUSES OF ACTION**

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

Neal S. Zaslavsky
8338 Sunset Boulevard, Suite 101
West Hollywood, CA 90069
Telephone: (323) 389-1881
Facsimile: (323) 389-1885
neal@nszlegal.com
*Plaintiff In Pro Per*

ý   **BY ECF.**  Pursuant to rule 5 of Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 7, 2023 at Roseville, California.

_____*/s/ Holly Mills*_____
Holly Mills

Freeman Mathis
& Gary, LLP
Attorneys at Law

**MEMO. OF POINTS AND AUTHORITIES ISO CAALA DEFENDANTS' SPECIAL MOTION TO STRIKE SECOND, THIRD, SIXTH & SEVENTH CAUSES OF ACTION**