William A. Munoz (SBN 191649)
bill.munoz@fmglaw.com
**FREEMAN MATHIS & GARY, LLP**
1013 Galleria Boulevard
Roseville, California 95678-1365
Telephone: 916.472.3300
Facsimile: 833.297.6235

*Attorneys for Defendants*
CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, MINH TRI NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ., ELIZABETH ANNE HERNANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DAN ABIR, ESQ., KATHRYN MARIE TREPINSKI, ESQ., KWEDI MOORE ("CAALA DEFENDANTS")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL S. ZASLAVSKY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, a California non-profit corporation, MINH TRI NGUYEN, ESQ., an individual; IBIERE SECK, ESQ., an individual; MARTIN ISAAC AARONS, ESQ., an individual; ELIZABETH ANNE HERNANDEZ, ESQ., an individual; CHRISTA HAGGAI RAMEY, ESQ., an individual; DAN ABIR, ESQ., an individual; KATHRYN MARIE TREPINSKI, ESQ., an individual; DAVID HOFFMAN, ESQ., an individual; an individual; KEITH LaSALLE ALLEN, ESQ., an individual; SAMER SAMI HABBAS, ESQ., an individual; STEPHEN MASHNEY, ESQ., an individual; KWEDI MOORE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-06460-SPG-MAA<br><br>**DEFENDANTS CONSUMER ATTORNEYS ASSOCIATON OF LOS ANGELES, MINH T. NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ., ELIZABETH ANNE HERENANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DANNY ABIR, ESQ., KATHRYN TREPINKSI, ESQ., AND KWEDI MOORE'S OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPLICATION FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS**<br><br>**Date:** As directed by the Court<br>**Time:** As directed by the Court<br>**Courtroom: 5C – 1st Street Courthouse<br>350 W. 1st Street<br>Los Angeles, CA 90012**<br><br>Complaint Filed: August 8, 2023 |

1
DEFENDANTS' OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPLICATOPM FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS

## I. INTRODUCTION

This lawsuit arises out of Plaintiff's unprofessional response to Defendant Kwedi Moore's notification to him that he was suspended from the CAALA-POL List Serve for 30 days following an inappropriate e-mail exchange with other CAALA members on May 15, 2023. After CAALA gave Plaintiff a notice and opportunity to be heard on the proposal to terminate his CAALA membership, CAALA terminated his membership. This lawsuit followed.

## II. MEET AND CONFER EFFORTS

Unfortunately, Plaintiff grossly mischaracterizes the CAALA defendants' attempts to meet and confer with him prior to filling their anti-SLAPP and Federal Rule of Civil Procedure 12(b)(6) motions.

The CAALA Defendants' counsel was retained in this matter on or about August 17, 2023. (Muñoz Decl., ¶ 2.) Counsel thereafter contacted CAALA's general counsel to briefly discuss the case with him. (*Ibid.*) The first order of business was to determine which defendants counsel would be representing and then to arrange a call with those clients to discuss the case. (*Ibid.*) By that time, Plaintiff had personally served CAALA and Ms. Moore with the Complaint and then mailed the Summons and Complaint with a Waiver of Service of Process to the remaining individual CAALA Defendants. (*Id.* at ¶ 3.)[1]

On August 21, 2023, CAALA's counsel began receiving pertinent documents regarding this matter to review. ( Muñoz Decl., ¶ 4.) Following his review of these documents, CAALA's counsel arranged call with the CAALA Defendants to discuss the case on August 29, 2023. (*Ibid.*) At that point CAALA's counsel determined an anti-SLAPP and 12(b)(6) motion were appropriate. (*Ibid.*)

---

[1] Notably, if the individual CAALA Defendants had executed the waiver of service, their responses to the Complaint would not have been due until October 13, 2023. (Muñoz Decl., ¶ 3.)

Freeman Mathis & Gary, LLP
Attorneys at Law

2
DEFENDANTS' OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPLICATOPM FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS

Consequently, on August 29, 2023, CAALA's counsel e-mailed Plaintiff's counsel to request a three-week extension of time to respond to the complaint on behalf of all the CAALA defendants since CAALA's response was due on September 7, 2023. (Dkt No. 25; Muñoz 8/29/23 E-mail; Muñoz Decl., ¶ 5.) The point to a single response was to avoid multiple motions before the Court with respect to each individual CAALA defendant. (Muñoz Decl., ¶ 5.) Plaintiff denied the request contending that the Court's standing orders require the parties to move the matter along expeditiously. (Pltf 8/29/23 E-mail, Exh. 2; Muñoz Decl., ¶ 6.)

On September 1, 2023, CAALA's counsel e-mailed Plaintiff and advised him that the CAALA defendants would be bringing the anti-SLAPP and 12(b)(6) motions. (Muñoz 9/1/23 E-mail, Exh. 3; Muñoz Decl., ¶ 7.) CAALA's counsel asked if Plaintiff was available that afternoon or Monday September 4, 2023, to meet and confer since CAALA's counsel was starting trial on September 5, 2023. (*Ibid.*) Plaintiff responded that he was out of the country due to the holiday weekend, claiming CAALA's counsel was playing games and took a shot at counsel's firm. (Pltf 9/1/23 E-mail, Exh. 4; Muñoz Decl., ¶ 8.) Plaintiff then indicated that he was available on September 7, 2023 – the date CAALA's response was due – for a call. (*Ibid.*)

Later, on September 1, 2023, Plaintiff offered to give CAALA defendants an extension if counsel provided him with the documents that he previously requested from CAALA. (Pltf 9/1/23 E-mail, Exh. 5; Muñoz Decl., ¶ 9.) CAALA's counsel was unable to get a response to Plaintiff's offer because he had not heard from all of his clients by the time the deadline to file the motions arrived because many of the clients were out of town and counsel was in trial. (Muñoz Decl., ¶ 9.)

Nonetheless, CAALA's counsel did arrange to speak with Plaintiff on September 7, 2023. (9/6/23 Muñoz E-mail, Exh. 6; Muñoz Decl., ¶ 10.) The

conversation lasted approximately 20 minutes during which time counsel advised Plaintiff which claims would be subject to the anti-SLAPP motion. Additionally, since the anti-SLAPP is not available to attack federal claims, counsel advised Plaintiff that a 12(b)(6) motion would also be filed to attack the federal claim, as well as the state law claims in the event the Court found the anti-SLAPP statute did not apply. (Muñoz Decl., ¶ 11.) CAALA's counsel and plaintiff had a cordial conversation and agreed to disagree on the merits of the motions. (*Ibid.*)

Thus, the CAALA Defendants filed the instant motion on September 7, 2023. (Dkt Nos. 29-44.) At no time prior to the current ex parte application did Plaintiff contact CAALA's counsel to inquire whether he would be amenable to moving the hearing date to accommodate his trial calendar. (Muñoz Decl., ¶ 12.) Had he done so, CAALA's counsel would have certainly accommodated him by moving the hearing date. (*Ibid.*)

Defendant David Hoffman and his counsel attempted to file an opposition to the Ex Parte application as well but were unable to do so. (Muñoz Decl., ¶ 16.) They had asked CAALA's counsel to attach their opposition to the ex parte application to his declaration in support of the opposition. (*Ibid.*; Hoffman Opp to Ex Parte, Exh. 11; Muñoz Decl., ¶ 16.)

### III.   LEGAL ARGUMENT

**A. Ex Parte Applications Are Disfavored**

"Opportunities for legitimate ex parte applications are extremely limited" in federal court. ( *See In re Intermagnetics America, Inc.*, 101 B.R. 191 193 (C.D.Cal 1989). Such opportunities include:

> First, where there is some genuine urgency such that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party, or his attorney can be heard in opposition." *See* Fed.R.Civ.P. 65(b) (temporary restraining order). Second, ex parte proceedings are appropriate where there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence, *see, e.g., Franks v. Delaware*, 438 U.S. 154, 169, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ("The pre-search proceeding is necessarily ex parte, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove

DEFENDANTS' OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPLICATOPM FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS

Freeman Mathis & Gary, LLP
Attorneys at Law

evidence."), or secretion of assets, *see, e.g.,* Cal.Code Div. Proc. §485.010. et seq. (ex parte hearing procedure for obtaining writ of attachment). Third, what I have termed "hybrid ex parte applications" (*i.e.,* where the other side actually is served) may be necessary when a party seeks a routine order (*e.g.,* to file an overlong brief or to shorten the time within which a motion may be brought). Even so, the application ought properly to be addressed to the *need* to exceed the page limit or for shortened time, rather than to the substance of the motion itself. "immediate and irreparable loss, or damage will result to the applicant before the adverse party, or his attorney can be heard in opposition."

(*Id.* at 193-194.)

### B. Plaintiff Has Failed to Meet His Burden for Ex Parte Relief

Prior to moving ex parte, Central District Local Rule 7-19.1 requires the moving party's counsel "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, pf the date and substance of the proposed ex parte application and (b) to advise the Court in writing under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

Plaintiff did not do so here.  The first time CAALA's counsel became aware of the ex parte application was on September 12, 2023, when he was in trial.  Plaintiff had sent an e-mail to all counsel at 1:55 a.m. on September 12, 2023. (Pltf 9/12/23 E-mail, Exh. 7; Muñoz Decl., ¶ 13.)  CAALA's counsel contacted Plaintiff at 10:14 p.m. on September 12, 2023, inquiring whether a date had been set by the Court and that he would not be able to respond until Thursday, September 14, 2023, at the earliest since he was in trial.  (Muñoz 9/12/23 E-mail, Exh. 8; Muñoz Decl., ¶ 13.)  By that time, Plaintiff had already filed his ex parte application. (Dkt No. 50.)

Plaintiff made no attempt to contact counsel by telephone prior to filing the ex parte to discuss the application, much less to ask to move the hearing date in light of his trial calendar.  (Muñoz Decl., ¶ 12.)  The first chance CAALA's counsel was able to address the ex parte application was Friday September 15, 2023, because his trial was dark.  (*Id.* at ¶ 13.)  CAALA's counsel nonetheless

offered to move the hearing date to accommodate Plaintiff's schedule but was unwilling to move it out until December 2023 as proposed by Plaintiff. (9/15/23 E-mail, Exh. 9; Muñoz Decl., ¶ 14.) Plaintiff responded that he was out of town but may be able to talk on September 18, 2023. (Pltf 9/15/23 E-mail, Exh. 10; Muñoz Decl., ¶ 15.)

**C. The Request to Permit Discovery Should Be Denied**

California has a strong anti-SLAPP law. The California Legislature passed the Anti-SLAPP statute, Code of Civil Procedure ("CCP") § 425.16, "to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 883–84 (2019) (citing Code of Civil Procedure § 425.16(a).) To accomplish its task, the anti-SLAPP statute allows defendants to request early judicial screening of legal claims targeting free speech or petitioning activities. (*Id.,* at 880.) Such a motion is thus appropriate where a plaintiff's claims arise from protected activity, notwithstanding any allegations of improper or invidious motives. (*Id.,* at 881.) (["for anti-SLAPP purposes, discrimination and retaliation claims arise from the adverse actions allegedly taken, notwithstanding the plaintiff's allegation that the actions were taken for an improper purpose"].) The anti-SLAPP statute is to be construed broadly to effectuate its purposes. (*Vergos v. McNeal*, 146 Cal.App.4th 1387, 1395 (2007).)

Federal courts permit anti-SLAPP motions pursuant to Code of Civil Procedure section 425.16 for pendent state law claims brought in federal court. (*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D.Cal 2006); *New Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1099-1100 (C.D.Cal. 2004). However, the anti-SLAPP statute does not apply to federal claims. (*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1130 (N.D.Cal. 1999).)

Freeman Mathis & Gary, LLP
Attorneys at Law

6
DEFENDANTS' OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPLICATOPM FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS

Significantly, for purposes of Plaintiff's request, California Code of Civil Procedure § 425.16(g), stays all discovery upon filing notice of an anti-SLAPP Motion. Absent an order from the Court, the discovery stay remains in effect until notice of entry of an order resolving the motion. (Code Civ. Proc. § 425.16(g); *Britts v. Superior Court*, 145 Cal.App.4th 1112, 1129 (2006).) Although the Court has discretion to allow discovery, most Courts deny the request because the whole point of SLAPP motions is to seek out frivolous claims which was precisely defendants' reason for filing.

Notwithstanding the anti-SLAPP statute, no discovery may be served before the parties have conferred at the required Rule 26(f) conference. (Fed.R.Civ.P. 26(d)(1) & (f)(1).) However, the Court may permit expedited discovery where the moving party has demonstrated good cause. (*See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).)

There is no good cause here to permit early discovery for Plaintiff to oppose the CAALA Defendants' anti-SLAPP motion. Plaintiff argues that the individual CAALA defendants relied on documents to inform their decision as to whether to terminate Plaintiff's membership suggesting there are "more" documents out there. However, the individual CAALA defendants identified the documents they relied upon – all of which were attached to the Master List of Exhibits in support of their anti-SLAPP motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

While the CAALA Defendants are amenable to a short continuance of the hearing dates on their anti-SLAPP and 12(b)(6) motions to accommodate Plaintiff's calendar, they oppose Plaintiff's attempt to conduct discovery pending the resolution of these motions for the reasons set forth herein.  Plaintiff has not demonstrated good cause to conduct the requested discovery and the ex parte application seeking this relief should be denied.

Dated: September 15, 2023                    **FREEMAN MATHIS & GARY, LLP**

/s/ *William A. Muñoz*
William A. Muñoz
*Attorneys for Defendants*
CAALA DEFENDANTS

# CERTIFICATE OF SERVICE

I declare that I am employed in the County of Placer, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 1013 Galleria Boulevard, Suite 250, Roseville, California, and my electronic service address is bill.munoz@fmglaw.com.

On September 15, 2023, I served copies of the attached document(s) entitled:

**DEFENDANTS CONSUMER ATTORNEYS ASSOCIATON OF LOS ANGELES, MINH T. NGUYEN, ESQ., IBIERE SECK, ESQ., MARTIN ISAAC AARONS, ESQ., ELIABETH ANNE HERENANDEZ, ESQ., CHRISTA HAGGAI RAMEY, ESQ., DANNY ABIR, ESQ., KATHRYN TREPINKSI, ESQ., AND KWEDI MOORE'S OPPOSITION TO PLAINTIFF NEAL S. ZASLAVSKY, ESQ.'S NOTICE OF EX PARTE APPICATION FOR AN ORDER MODIFYING BRIEFING SCHEDULE ON PENDING MOTIONS**

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

Neal S. Zaslavsky
8338 Sunset Boulevard, Suite 101
West Hollywood, CA 90069
Telephone: (323) 389-1881
Facsimile: (323) 389-1885
neal@nszlegal.com
*Plaintiff In Pro Per*

ý   **BY ECF.** Pursuant to rule 5 of Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 15, 2023 at Roseville, California.

                                        */s/ William A. Muñoz*
                                        William A. Muñoz

**Freeman Mathis & Gary, LLP**
Attorneys at Law